J. W. LUTTES et al., Appellants,

v.

STATE of Texas, Appellee.

No. 3348.

Court of Civil Appeals of Texas.

Waco.

Oct. 15, 1959.

Rehearing Denied Nov. 19, 1959.

Rufus G. Ransome, Brownsville, W. G. Winters, Jr., R. H. Whilden, Houston, Dan Moody, Austin, for appellants.

Will Wilson, ·Atty. Gen., of Texas, J. Arthur Sandlin, James H. Rogers, Asst. Attys. Gen., for appellee.

TIREY, Justice.

Our Supreme Court, in its opinion (324 S.W.2d 167, 191) has reversed the former judgment of this Court (289 S.W.2d 357) .and remanded the cause to this Court "for a ruling on the question of great weight and preponderance of the evidence as applied to the particular fact findings in question. If the court rules that the particular findings are not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust, it is instructed to affirm the judgment of the trial court; otherwise to reverse and remand the case for a new trial consistent with the holdings in this opinion."

Pursuant to the foregoing instructions this Court set the cause for oral argument and the parties have prepared and submitted briefs.

Appellants' Point 1 is:

"The Trial Court erred in failing and refusing to find from the overwhelming preponderance of the credible evidence that the area of 3,365.52 acres of land described by metes and bounds in plaintiff's motion for judgment, and for which plaintiffs prayed judgment, is fast land, which has been added as an accretion to the open face of Potrero de Buena Vista on Laguna Madre by imperceptible deposit of alluvion from the waters of Resaca de los Cuates and Laguna Madre over a long period of time." (This is the exact point 1 stated in appellants' brief on original submission in this Court.)

Appellants, in their brief on remand, say:

"This point of error presents the fact question of whether or not the Trial Court's findings on accretion are so against the great weight and preponderance of the evidence as to be manifestly unjust.

"Appellants claim that as to this Spanish grant, which abuts on the Laguna Madre, the correct boundary line on the shore is the line of mean higher high tide and that said line has moved steadily eastward since the date of the grant (1829). Appellants further claim that this eastward shift in the location of the line of mean higher high tide was caused by a build-up of the elevation of the area through a process of genuine accretion so as to create fast land and that the 3365.52 acres sought by appellants in their motion for judgment has become connected to and is a part of the Buena Vista Grant. The Supreme Court has agreed that the correct boundary line is the line of mean higher high tide (substantially the same as mean high tide) and that this Court must review and pass upon appellants' contention that the findings of the District Court on accretion are so against the great weight and preponderance of the evidence as to be manifestly unjust. This is the question presented in appellants' first point of error and it is the only question now before this Court."

As we understand our Supreme Court's opinion we think the finding of fact No. 18 by the Trial Court is controlling here. Since finding No. 18 is set out in our for-

mer opinion on page 369 of 289 S.W.2d, and in footnote 3 on page 187 of 324 S.W.2d, of the Supreme Court's opinion, we see no reason to re-state it here. The Supreme Court, in discussing this particular finding in its opinion on motion for re-hearing, on page 193 of 324 S.W.2d said:

"What the trial judge had in mind was merely that the deposits on the flats in controversy might well have been due in large part to soil from sources other than the Resca de los Cuates. Although those sources were ultimately of human origin, the point was, not the human origin, but the likelihood that they facilitated a build-up of the flats from the islands or points between the latter and the original shore rather than from the original shore toward the island. The law question of whether accretions resulting from human agency may or may not belong to the abutting landowner is thus not in the case, and our original opinion is accordingly modified and to be construed as not ruling on that point, whatever its language may suggest to the contrary.

"The latter modification or explanation does not alter our view that the fact findings are not, as a matter of law, wrong."

In the opinion on page 189 of 324 S.W.2d we find the following significant statement:

"The process of legal accretion being by nature so slow as to be imperceptible, the owner of the old upland, in areas such as that here involved, will, indeed, often find it quite difficult to establish, particularly beyond the ability of reasonable men to differ, that the accretions were accretions to his property rather than to the property of the State. But this is no great reason to strain a point in his favor, since we would not do so on behalf of the State."

Again in the opinion on page 187 of 324 S.W.2d we find the following statement:

"But there remains the vital question as to the character and distribution of the accretions, because admittedly the mere fact that the area in suit has become upland or fast land does not make it the land of the petitioners-plaintiff. Presumptively it is the land of the State, and the burden rested upon the petitioners-plaintiff to prove that it was a true accretion in the sense of a natural and imperceptible deposit and that it was an accretion to the original boundary of the grant. Humble Oil & Refining Co. vs. Sun Oil Company, supra. The trial judge found to the contrary, most of his findings being set out in the footnote, 3 and after ourselves reviewing the hundreds of pages of testimony, we agree with the Court of Civil Appeals that the failure of the trial judge to be convinced by the proof for the petitioners-plaintiff was not beyond the pale of what a reasonable mind might have done.

"Our summary of the facts heretofore made itself largely answers the question. To be sure, most of the evidence was that produced by the petitioners-plaintiff. It was voluminous, perhaps ample to have sustained findings contrary to those actually made. But to say that the court, as a reasonable man, had to be convinced by it is something else. It was largely the opinion of an expert witness, who based his ultimate conclusions upon his own subsidiary conclusions and theories concerning geological and related history going back thousand of years, including drill cores, which are not altogether intelligible to the lay observer and admittedly had large historical gaps between the various periods they were said to represent."

Thereafter the Court, in remanding the cause to us, in its opinion on page 191 of 324 S.W.2d specifically instructed us:

"If the court rules that the particular findings are not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust, it is instructed to affirm the judgment of the trial court; otherwise to reverse and remand the case for a new trial consistent with the holdings in this opinion."

This Court has given much thought to the opinion of the Supreme Court and the question before us, and it is our view that the findings of fact when the entire evidence tendered in this record is carefully considered, are not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust, and appellants' point 1 is overruled. We were of the foregoing view when we handed down our former opinion, and we thought we had made our view clear. But, since the Supreme Court has reversed and remanded the cause to us we felt it our duty to review again this record with the question of accretion in mind, and this we have done to the best of our ability. We have given much consideration to the briefs filed by the appellants and the appellee in this cause, as well as their oral arguments, and likewise much consideration again to all the evidence. Since the Trial Court was also the trier of the facts it was his duty to hear and appraise the testimony of the witnesses and the exhibits tendered, and to determine what probative force, if any, it should or should not give to such testimony and exhibits in the light of the conditions and all the surrounding circumstances under which the witnesses and exhibits were offered. It is our view that the record reflects that the Trial Court tried this cause very carefully; that he gave much consideration to the preparation of the findings of fact and conclusions of law which he filed in this cause, and the Court did not see fit to give to appellants' evidence that probative force on which he was willing to rely and on

which he was willing to make a finding contrary to the finding that he made on the issue of accretion; nor any other issues. This Court, after giving further consideration to this cause on remand, is of the view that finding No. 18, as well as the other findings of fact made by the Trial Court, are not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust, and being of this view, the judgment of the Trial Court is affirmed.

We think this Court, in justice to itself, should state that if it had not been of this view when the case was originally submitted to us it would have reversed and remanded this cause to the Trial Court.

Accordingly, the judgment of the trial court is affirmed.